USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/26/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Fred Alston, as a Trustee of the Local 272 Labor Management Pension Fund, *et al.*

                Plaintiffs,

–v–

Parking 56 LLC,

                Defendant.

20-cv-1726 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

       Fred Alston, as trustee of the Local 272 Labor Management Pension Fund and Local 272 Welfare Fund, moves for default judgment on claims that Parking 56 LLC failed to make benefit plan contributions required under § 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145. The Court concludes that default judgment is warranted but that Alston double-counts the appropriate amount of interest. The Court thus grants the motion in part and denies it in part.

**I.**      **Legal Standard**

       Under Federal Rule of Civil Procedure 55, a court may enter default judgment following the entry of default against a party who fails to defend an action. *See New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the

1

court decides it is entitled, to the extent permitted by Rule 54(c)." *Id.*. Rule 54(c) limits relief to that requested in the complaint. Before entering a default judgment, a court must determine whether the allegations in the complaint state a claim upon which relief may be granted. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Somewhat more is required for damages. A court must assess the evidence supporting a damages award and may award only those damages ascertainably with reasonable certainty. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

**II.    Discussion**

Parking 56 LLC has not appeared or defended this action. *See* Dkt. No. 13 (clerk's certificate of default). The Court therefore accepts as true all well-pleaded allegations in the complaint. *Jemine v. Dennis*, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012) (citing *Au Bon Pain*, 653 F.2d at 65); *see also* Fed. R. Civ. Pro. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The Court thus examines "whether [the] plaintiff's allegations are *prima facie* sufficient to demonstrate liability for the cause of action as to which they are seeking a default judgment." *Morozov v. ICOBOX Hub Inc.*, No. 18-cv-3421 (GBD) (SLC), 2020 WL 5665639, at *1 (S.D.N.Y. May 5, 2020), *report and recommendation adopted*, 2020 WL 5665563 (S.D.N.Y. Aug. 18, 2020).

The Court concludes that Alston states a claim under § 515 of ERISA. That section requires employers obligated to make payments to a multiemployer plan to "make such contributions in accordance with the terms and conditions of such plan or such agreement." The complaint alleges that Parking 56 LLC was required to make contributions to both the pension and welfare funds under the terms of its contract with the Garage Employees Union Local No.

272 and that it failed to do so for the period from May 1, 2018, through September 30, 2019. Dkt. No. 15-1, ¶¶ 6–15; *see also* Dkt. No. 15-4 (collective bargaining agreement); Dkt. No. 15-5 (pension fund agreement); Dkt. No.15-6 (welfare fund agreement). These allegations state a claim under ERISA.

The Court also concludes that the damages sought for unpaid contributions in the motion for default judgment are reasonably ascertainable, supported by evidence, and consistent with the relief sought in the complaint. Alston relies on a contribution reconciliation audit report prepared for Parking 56 LLC, which shows $11,669.68 in unpaid required hourly contributions under the welfare and pension plans. *See* Dkt. No. 15-7. This is consistent with the principal amount sought in the motion for default judgment of $9,669.68, which accounts for $2,000 already paid towards contributions after the audit report was prepared. *See* Dkt. No. 15 ¶¶ 10, 21.

The Court, however, finds that Alston double-counts the appropriate amount of interest. A plaintiff prevailing on claims for delinquent contributions under ERISA may recover (in addition to the amount of unpaid contributions) both "interest on the unpaid contributions" and damages measured by the greater of "interest on the unpaid contributions" or liquidated damages provided for in the plan. 29 U.S.C. § 1132(g)(2)(B), (C). Thus, where a plan does not provide for liquidated damages, the plaintiff may recover twice the amount of interest provided for in the plan. Interest in this case is appropriately calculated at the rate of 1.5% per month—or 18% per year—provided in the collective bargaining agreement. Dkt. No. 15 ¶ 8; Collective Bargaining Agreement at 25; *see Labarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 273 (E.D.N.Y. 2010) ("The amount of interest due for unpaid contributions must be 'determined by using the rate provided under the plan . . . .'" (quoting 29 U.S.C. § 1132(g)(2)(B))).

Consistent with § 1132(g)(2)(B) and (C), Alston requests both an award of interest at a rate of 18% and additional interest in the same amount. He requests $1,376.88 for each of these segments of the award, for a total of $2,753.76. Dkt. No. 17 (statement of damages). However, the audit report on which he relies calculates interest from May 1, 2018 through November 22, 2019, as $688.44—that is, exactly half of $1,376.88. *See* Dkt. No. 15-7, at *4. Thus, it appears that $1,376.88 already represents an award for both interest of 18% and additional interest in the same amount. The statement of damages appears to have inadvertently doubled that amount again, for a total interest award of quadruple, rather than double, the amount of interest at a rate of 18%. The Court thus limits Alston's award to $688.44 in interest and $688.44 in additional interest consistent with the audit report.

The Court finds that Alston's request for fees and costs is reasonable. A prevailing party may recover attorneys' fees and costs in an ERISA action. *See* 29 U.S.C. § 1132(g)(2)(D). The nine hours spent on this case from start to finish is reasonable, as are the requested hourly rates. As Alston notes, these fees must be limited to 20% of the delinquent contributions under the terms of the collective bargaining agreement. Dkt. No. 15 ¶ 21. The Court will award fees and costs in this amount as requested.

### III.   Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part Alston's motion for default judgment (Dkt. No. 14). The Clerk of Court is respectfully directed to close the case and enter judgment in favor of the Plaintiffs and against the Defendant in the amount of $13,471.50, as follows:

- $1,844.44 in unpaid contributions to the Local 272 Pension Fund;
- $7,825.24 in unpaid contributions to the Local 272 Welfare Fund;
- $688.44 in interest at the rate of 18%;

- $688.44 in additional interest at the rate of 18%
- $1,933.94 in attorneys' fees; and
- $491 in costs.

This resolves Docket Number 14.

SO ORDERED.

Dated: March 26, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge